IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
OCT - 2 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. S1-4:24 CR 299 MTS PLC |
| CHINTANKUMAR PAREKH, | ) |
| Defendant. | ) |

## MOTION FOR PRE-TRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Gwendolyn E. Carroll, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, et seq.

As and for its grounds, the Government states as follows:

1. Defendant is charged with violating 18 U.S.C.§ 1349, conspiracy to commit mail and wire fraud.

2. Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk of a defendant's flight, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community.  See 18 U.S.C. § 3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves -- a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds

that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community").

3.   As the Eighth Circuit has made clear, in determining whether these two conditions are met, this Court need not conduct a "rigid two-step inquiry." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023). Rather, this Court "permissibly conduct[s] the two inquiries in a single detention hearing," in part, because "the two inquires, while not identical, substantially overlap." *Id.* Indeed, the Eighth Circuit has recognized that "the § 3142(g) factors . . . are relevant both to determining whether [the] Defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure Defendant's appearance." *Id.* (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)).

4.   Pursuant to Title 18, United States Code, Section 3142(f)(2), the United States moves the Court to hold a detention hearing because this case involves a serious risk that Defendant will flee. Defendant, who is not a United States citizen, is presently in the United States unlawfully, having overstayed his work visa, has traveled to multiple jurisdictions in connection with the execution of the charged wire fraud conspiracy, and has no ties of any kind to the Eastern District of Missouri. Defendant's role in the charged conspiracy is that of a "handler," who travels frequently between jurisdictions in furtherance of the fraud. Further, when Defendant was alerted by his co-defendant, Dariona Lambert, that she had been apprehended by the police, Defendant fled the Eastern District of Missouri, driving in a rental vehicle to Pittsburgh, PA. As such, Defendant poses a serious risk of flight.

5.   Because the United States has made the necessary showing that the defendant poses a serious risk of flight, this Court should hold a detention hearing. At that hearing, the Court considers the factors set forth in Title 18, United States Code Section 3142(g), including the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the

history and characteristics of the defendant, and the nature and seriousness of the danger posed by the defendant's release.

6. Both the nature and circumstances of the charged offense and the weight of the evidence in this case warrant Defendant's detention pending trial. *See* 18 U.S.C. § 3142(g)(1) and (2). Defendant has facilitated the acquisition of hundreds of thousands of dollars from elder fraud victims and played a vital role in a multi-jurisdiction scheme targeting a vulnerable population. Defendant has made both hotel and car reservations in connection with multiple gold bar pickups from victims located throughout the United States. Further, Defendant has extensive WhatsApp chat messages establishing his role as a "handler" as part of the fraud conspiracy. In his role as a handler, Defendant personally received gold bar pickups from lower level couriers, and further, provided transportation and instructions to his co-conspirators. In addition to the statement of his co-conspirator and the WhatsApp messages in which Defendant is a participant, multiple third-party records, including car and hotel reservation records, establish Defendant's role in the conspiracy. These rental and hotel reservation records establish Defendant's participation in at least three fraudulent transactions in a short period of time, and his WhatsApp messages establish his role in numerous other victim transactions. Given the frequency of Defendant's travel and resulting victimization of elderly individuals, Defendant poses a significant financial danger to the community. Further, the weight of the evidence in this case, including the Defendant's co-conspirator's explicit identification of Defendant as a participant in the wire fraud conspiracy, is substantial.

WHEREFORE, there are no conditions or combination of conditions that will reasonably assure the defendant's appearance as required and the safety of any other person and the community and the Government requests this Court to order Defendant detained prior to trial, and

further to order a detention hearing three (3) days from the date of Defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY


*/s/ Gwendolyn E. Carroll*
Gwendolyn E. Carroll #4657003NY
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200