IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
OCT – 2 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:24-cr-00299-MTS-PLC |
| MEHULKUMAR DARJI, | ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Gwendolyn E. Carroll, Assistant United States Attorney for said District, and respectfully moves this Court to detain Defendant Mehulkumar Darji ("Defendant Darji"), and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, et seq. In support of this Motion, the United States asserts as follows:

Defendant Darji is charged with violating 18 U.S.C.§ 1349, conspiracy to commit wire fraud in connection with his participation in an elaborate, multi-state conspiracy, the object of which was defrauding vulnerable, elderly victims of more than $8,000,000. Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk of a defendant's flight, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves - - a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community"). The Eighth

Circuit has recognized that "the § 3142(g) factors . . . are relevant both to determining whether [the] defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure the defendant's appearance." *United States v. Cook*, 87 F.4th 920, 923 (8th Cir. 2023) (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)). This Court has the authority under Title 18, United States Code, Section 3142 to "call for and conduct the detention hearing" and to make a finding that no condition of release will reasonably assure the Defendant Darji's appearance in court and to order the Defendant Darji detained. *Id.* at 1486. At such a hearing, this Court is guided by the relevant factors under Section 3142(g).

### A. Defendant Darji Poses a Serious Risk of Flight.

The nature and circumstances of Defendant Darji's crimes—along with the overwhelming proof establishing his guilt—demonstrate Defendant Darji's serious risk of flight. Defendant Darji, who is not a United States citizen, is presently in the United States unlawfully, and was ordered removed from the United States in 2014. Defendant Darji has no legitimate ties to the Eastern District of Missouri, including employment or family. As the Indictment alleges, Defendant Darji has traveled to multiple jurisdictions in connection with the execution of the charged wire fraud conspiracy. At the time of this filing, the United States has evidence that Defendant Darji not only travelled to different cities to defraud vulnerable victims, he also served a higher level operative – receiving FedEx shipments containing gold bars taken from victims. Defendant Darji's role in the charged conspiracy is that of a "handler," a role that by its very nature requires that he travel frequently between jurisdictions in furtherance of the fraud.

Additionally, Defendant Darji faces a significant term of incarceration in the present matter, given the amount of the loss, the number of victims, and the vulnerability of those victims. The likelihood of a lengthy prison sentence—combined with Defendant Darji's lack of binding ties to this district and his lack of lawful status in the country—demonstrates his motivation to flee. *See United States v. Abad*, 350 F.3d 793, 799 (8th Cir. 2003) ("Abad is not a United States citizen. Abad faces a maximum sentence of 30 years, *see* 18 U.S.C. § 2423(b), which . . . weighs strongly in favor of a finding

Abad would be a flight risk."). As such, Defendant Darji poses a serious risk of flight.

> **B.** **The Nature and Circumstances of the Offense, As Well As the Weight of the Evidence, Support Detention.**

Both the nature and circumstances of the charged offense and the weight of the evidence in this case warrant Defendant Darji's detention pending trial. *See* 18 U.S.C. § 3142(g)(1) and (2). Defendant Darji has facilitated the acquisition of more than $8 million from elder fraud victims and played a vital role in a multi-jurisdiction scheme targeting a vulnerable population. Defendant Darji has made both hotel and car reservations in connection with multiple gold bar pickups from victims located throughout the United States. Further, Defendant Darji has extensive WhatsApp chat messages establishing his role as a "handler" as part of the fraud conspiracy. In his role as a handler, Defendant Darji personally received gold bar pickups from lower-level couriers, and further, provided transportation and instructions to his co-conspirators. In addition to the statement of his co-conspirator and the WhatsApp messages in which Defendant Darji is a participant, multiple third-party records, including car and hotel reservation records, establish Defendant Darji's role in the conspiracy. These rental and hotel reservation records establish Defendant Darji's participation in fraudulent transactions in a short period of time, and the conspirators' WhatsApp messages establish Darji's role as a higher-level operative, who personally received shipments of gold bars obtained from victims. The weight of the evidence in this case, including the Defendant Darji's co-conspirator's explicit identification of Defendant Darji as a participant in the wire fraud conspiracy, is substantial.

Given Defendant Darji's interstate travel and resulting victimization of elderly individuals, Defendant Darji poses a significant financial danger to the community. *See* 18 U.S.C. § 3142(g)(3)(B) and (4); *see also United States v. Parodi*, 2008 WL 683421, at *3 (N.D. Cal. Mar. 7, 2008) ("In assessing danger, physical violence is not the only form of danger contemplated by the statute."); *United States v. Reynolds*, 956 F.2d 192 (9th Cir.1992) (denying defendant's motion for bail pending appeal because he had failed to show by clear and convincing evidence that he did not constitute an economic danger to

the community) (citing *United States v. Provenzano*, 605 F.2d 85, 95 (3rd Cir.1979) (danger is not limited to physical harm)); *see also United States v. Moss*, 522 F. Supp. 1033, 1035 (E.D. Pa. 1981) ("It is generally agreed, of course, that a [c]ourt may refuse bail on the ground that a defendant poses a threat to the community even though the threat is pecuniary rather than physical."), *aff'd* 688 F.2d 826 (3rd Cir.1982); *United States v. Miranda*, 442 F. Supp. 786, 792 (S.D. Fla. 1977) ("First, it is beyond dispute that the criterion of 'danger to the community,' which is an explicit component of the Bail Reform Act, is not limited to the potential for doing physical harm."). In short, both the nature of the offense and the weight of the evidence support detaining Defendant Darji pending trial.

**C.    Through His Persistent Unwillingness to Follow the Laws of the United States—and his Prior Flight From Law Enforcement—Defendant Darji Has Demonstrated That There Are No Conditions That Will Reasonably Assure His Appearance.**

Defendant Darji's well-established unwillingness to conform his conduct to the law demonstrates the ineffectiveness of any conditions to assure his appearance. That is true because every pretrial condition that this Court could impose relies—at least to some extent—on Defendant's ability to adhere to the rules of the Court and the laws of the United States. His proven inability to do so shows why detention must be imposed. *See United States v. Ramos-Caballero*, No. 21-2098, 2021 WL 5176051, at *3 (10th Cir. Nov. 8, 2021) (affirming the district court's detention order where the defendant's "history of removals and reentries, including the facts underlying his current reentry offense," led the court to conclude "that he was incapable of complying with the orders of the Court or the authority of the United States.").

Since becoming unlawfully present in the United States, Defendant Darji has engaged in a complex, elaborate conspiracy victimizing elderly individuals, often resulting in the victims' total financial destruction. Defendant's Darji's participation in a criminal conspiracy while unlawfully present in the United States demonstrates his inability and unwillingness to follow the law. In short, through his persistent criminal conduct, Defendant Darji has demonstrated that there are no conditions that will assure his appearance. *See Abad*, 350 F.3d at 799 (upholding the detention order of a defendant

who was not a United States citizen and finding that "[a]lthough electronic surveillance is available, when considering all the factors at issue in the present case, there is insufficient evidence to assure Abad's appearance at trial").

WHEREFORE, there are no conditions or combination of conditions that will reasonably assure the Defendant Darji's appearance as required and the safety of any other person and the community and the United States requests this Court detain Defendant Darji prior to trial.

                Respectfully submitted,

                SAYLER A. FLEMING
                UNITED STATES ATTORNEY

                */s/ Gwendolyn E. Carroll*
                Gwendolyn E. Carroll #4657003NY
                ASSISTANT UNITED STATES ATTORNEY
                Thomas F. Eagleton Courthouse
                111 South Tenth Street, 20th Floor 63102